UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle, N.W., Suite 900 Washington, DC 20036-1202, <br><br>and<br><br> WILLIAM DEMPSEY, RODERICK S. BASHIR, KEVIN J. DOYLE, CHRISTOPHER BOUVIER, DAVID A. STILWELL, THOMAS LAMARTINA, EDWARD J. MANKO, JOHN J. SHERIDAN, FRANK A. MAXSON, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle, N.W., 9th Floor Washington, D.C. 20036, <br><br>*Plaintiffs,*<br>v.<br><br>JANITORIAL SERVICES LIQUIDATING, INC. 24300 Southfield Road Suite 220 Southfield, MI 48075 <br><br>*Defendant.* | Case No: <br><br> **Additional Required Service under 29 U.S.C. § 1132(h) to:** <br><br> **U.S. Department of Labor Attn: Assistant Solicitor for Plan Benefits Security 200 Constitution Ave., N.W. Washington, DC 20002** <br><br> **U.S. Department of Treasury Attn: Secretary of the Treasury 1500 Pennsylvania Avenue, NW Washington, D.C. 20220** |

**COMPLAINT UNDER ERISA FOR
INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS**

**Introduction, Jurisdiction, and Venue**

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as

n
n

amended ("LMRA"), 29 U.S.C. § 185(a), to enforce Defendant's contractual and statutory obligations to provide payroll review records to the Service Employees International Union National Industry Pension Fund.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund" or "Pension Fund"), is an employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees, their families and dependents. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

6.  Plaintiff Trustees of the SEIU Pension Fund, William Dempsey, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, David A. Stilwell, Thomas LaMartina, Edward J. Manko, John J. Sheridan, and Frank A. Maxson are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7.  Defendant Janitorial Services Liquidating, Inc. ("Defendant") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.  Upon information and belief, Defendant is a corporation organized under the laws of the State of Michigan and has a corporate mailing address of 24300 Southfield Road, Suite 220, Southfield, MI 48075.  Upon information and belief, Defendant used the assumed name Omni Facility Services from August 2004 through November 2012.

**Factual Background**

9.  At all relevant times, the Service Employees International Union, Local 1 (the "Union") has been the exclusive collective bargaining agent for Defendant's janitorial employees.

10.  At all relevant times, Defendant was party to a collective bargaining agreement ("CBA") with the Union effective from July 1, 2010 through July 1, 2012. A true, correct, and complete copy of the CBA is attached as Plaintiffs' Exhibit 1.

11. Under its agreement with the Union, Defendant agreed to become a participating employer in the SEIU Pension Fund. Exhibit 1, Art. XX. Under Article XX, Section 3 of the CBA, as of July 1, 2010, Preferred Building Services agreed to make pension contributions at a rate of $0.56 per hour per for each bargaining unit employee who has completed at least one year of employment. Exhibit 1, Art. XX, Sec. 3.

12. Defendant is also independently obligated to make contributions to the SEIU Pension Fund pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

13. Pursuant to its CBA, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") and its Statement of Policy for Collection of Delinquent Contributions ("Collections Policy"). *See* Exhibit 1, Art. XX, Sec. 2. A true and correct copy of the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") is attached hereto as Plaintiffs' Exhibit 2.

14. Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 3.1. A true and correct copy of the SEIU Pension Fund's Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiff's Exhibit 3.

15. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Exhibit 2, Sec. 3.1.

16. Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the SEIU Pension Fund. Ex. 2, Sec. 4; Ex. 3, Sec. 5. The purpose of a payroll audit is to verify that an employer's monthly self-reporting of employee hours is consistent with the employer's payroll records and state and federal tax filings.

17. The SEIU Pension Fund selected Defendant for an audit for the period of January 1, 2011 through December 31, 2012. The SEIU Pension Fund provided Defendant with notice of its selection for an audit on January 14, 2013, February 22, 2013 and April 22, 2013. In each notice, the SEIU Pension Fund requested that Defendant provide certain documentation necessary to perform the payroll review. Defendant failed to respond to these letters. True and correct copies of the SEIU Pension Fund's letters informing Defendant of the audit are attached as Plaintiff's Exhibit 4.

18. The SEIU Pension Fund reiterated its requests of the Defendant for the information and documentation necessary to complete an audit of Defendant's contributions to the SEIU Pension Fund on November 20, 2013 and January 12, 2015. *See* Exhibit 4. Defendant

again failed and refused to provide the necessary documents in response to the SEIU Pension Fund's requests.

19. Section 4, Paragraph 9 of the Collection Policy provides that if an employer fails to make available records requested for an audit within 60 days of the request date and the SEIU Pension Fund is forced to commence a lawsuit to compel compliance, the employer will be liable for all attorneys' fees and costs incurred by the SEIU Pension Fund in enforcing its right to review the employer's records. As of the date of this Complaint, due to Defendant's non-compliance, the SEIU Pension Fund has been unable to perform an audit on Defendant as provided for in the Collection Policy.

## COUNT I

20. Plaintiffs reallege and incorporate Paragraphs 1 through 18.

21. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

22. Pursuant to the SEIU Pension Fund's Trust Agreement and Collection Policy, as well as Defendant's obligations under the CBA and under ERISA, Defendant is obligated to provide required information so that the SEIU Pension Fund may perform an audit to verify that Defendant has remitted the appropriate amount of contributions to the SEIU Pension Fund.

23. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to directly contact Defendant to obtain the information necessary to perform an audit for the period of January 1, 2011 to December 31, 2012. Defendant has failed to respond to these letters or other communications. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund.

24. Under Section 502(g) of ERISA, Plaintiff SEIU Pension Fund is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is in violation of its contractual and statutory obligations by failing and refusing to provide payroll review records to the SEIU Pension Fund pursuant to the CBA, the SEIU Pension Fund's Trust Agreement, and the SEIU Pension Fund's Collection Policy;

2. Enter an Order requiring Defendant to timely provide such documentation as is requested by the Fund in order to perform an audit of Defendant;

3. Enter judgment for Plaintiffs' attorneys' fees and costs incurred in this action, as required by the Trust Agreement, the Collection Policy, and Section 502(g) of ERISA;

4. Retain jurisdiction of this case pending Defendant's compliance with the Court's orders and to award a judgment for all amounts due pursuant to the findings of the audits, including any audit fees and attorneys' fees; and

5. Grant such further relief as the Court may deem appropriate.

Respectfully submitted,

\_\_/s/ Olga Metelitsa_____
Olga Metelitsa, (DC Bar No. 1016248)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C.  20036
(202) 783-0010

(202) 783-6088 Facsimile

*Counsel for the Plaintiffs*

Dated: November 2, 2016

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 2nd day of November, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

　　　　　　　　　　　　　　　　　　　__/s/ Olga Metelitsa_____
　　　　　　　　　　　　　　　　　　　　　　　　Olga Metelitsa